UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------ X
                                     :
UNITED STATES OF AMERICA             :
                                     :
        -v-                          :    06 Cr. 600 (DLC)
                                     :
BASHI MUSE, et al.,                  :    MEMORANDUM OPINION
                                     :
            Defendants.              :
------------------------------------ X


     This indictment charges forty-four defendants with

violations of the Controlled Substance Act relating to the

importation and distribution of khat containing cathinone.

Cathinone is a Schedule I controlled substance.  The first trial

in the case, which involved four of the defendants, began on

June 4, 2007, and ended with a verdict on June 26.  A conference

will be held with the remaining defendants on July 27.   To

assist counsel in advising those clients who are awaiting trial

about the law which will be applied in this case, the charge as

given to the jury at the June 4 trial is attached.

     Among the issues addressed in this charge are the

following:


   1) While cathinone is a controlled substance, neither khat nor
      cathine is.[1]  (page 10)

   2) A multiple conspiracy charge was given.  (pages 14 to 16)


----

[1] The Government chose not to proceed to trial on the theory that
cathine was also a controlled substance.

3) A conspiracy to distribute a controlled substance can be shown by proof that conspirators agreed to distribute khat knowing that it contained cathinone or agreed to distribute khat understanding that it contained some substance controlled under American drug abuse law.  (page 18)

4) Proof that a defendant believed only that khat would be seized pursuant to agricultural protection regulations was insufficient to support a conviction.  (pages 27-28)

5) A special verdict was taken on the conspiracies' success in importing and distributing cathinone.  (page 29)

6) Motive evidence, while relevant, is not essential to conviction.  (pages 67-68)

7) Evidence of a belief regarding another nation's regulatory system could be considered only for limited purposes.  (page 69)

Dated:  New York, New York
        July 3, 2007

                              _____
                                   DENISE COTE
                              United States District Judge

2

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------- X
                                       :
UNITED STATES OF AMERICA               :
                                       :
            -v-                        :     06 Cr. 600 (DLC)
                                       :
ALI AWAD, ABDI EMIL MOGE, ABDINUR      :
AHMED DAHIR, and ABDULAHI HUSSEIN,     :
                                       :
            Defendants.                :
-------------------------------------- X
```

**Jury Charge**

**June 20, 2007**

<u>I. Introductory Instructions</u>

<u>Role of the Court</u>

It is my duty at this point to instruct you as to the law. It is your duty to accept these instructions of law and apply them to the facts as you determine them.  Regardless of any opinion that you may have as to what the law may be -- or ought to be -- it would violate your sworn duty to base a verdict upon any other view of the law than the one I give you.  If an attorney has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow.

You should not single out any instruction as alone stating the law, but you should consider my instructions as a whole when you retire to deliberate in the jury room.  You may take a copy of these instructions with you into the jury room.

<u>Role of the Jury</u>

Your role is to decide the fact issues that are in the case.  You are the sole and exclusive judges of the facts.  You must determine the facts based solely on the evidence received in this trial.

In determining the facts, you must rely upon your own recollections of the evidence.  What the lawyers have said, for instance, in opening statements, in closing arguments, in objections, or in questions is not evidence.  You should bear in mind particularly that a question put to a witness is never evidence.  It is only the answer that is evidence.

I remind you also that nothing I have said during the trial or will say during these instructions is evidence.  Similarly, the rulings I have made during the trial are not any indication of my views of what your decision should be.

The evidence before you consists of the answers given by witnesses, the exhibits, and the stipulations that were received in evidence.  If I have sustained an objection to a question or stricken testimony, the answers given by a witness are no longer part of the evidence in this case and may not be considered by you.

<u>Improper Considerations</u>

Your verdict must be based solely upon the evidence, or the lack of evidence.  It would be improper for you to consider any personal feelings you may have about a defendant's race, religion, or national origin.  It would be equally improper for you to allow any feelings you might have about the nature of the crimes charged to interfere with your decision-making process.

## The Parties

The fact that the prosecution is brought in the name of the United States of America entitles the Government to no greater consideration than that given to any other party to a litigation.  By the same token, the Government is entitled to no less consideration.

The Indictment charges four defendants who are on trial together.  In reaching a verdict, however, you must bear in mind that guilt is individual.  Your verdict as to each defendant must be determined separately with respect to him solely on the evidence, or lack of evidence, presented against him without regard to the guilt of anyone else.

## Presumption of Innocence and Burden of Proof

The defendants have pleaded not guilty to the charges against them.  As a result of a plea of not guilty, the burden is on the Government to prove guilt beyond a reasonable doubt. This burden never shifts to a defendant for the simple reason that the law never imposes upon a defendant in a criminal case the burden or duty of testifying, or calling any witness, or locating or producing any evidence.

The law presumes each defendant to be innocent of each charge against him.  This presumption of innocence alone is sufficient to acquit the defendant.  This presumption was with each defendant when the trial began and remains with each defendant unless and until you are convinced that the Government has proven that defendant's guilt beyond a reasonable doubt.

## Reasonable Doubt

The question that naturally arises is, "What is a reasonable doubt?"  What does that term mean?  The words almost define themselves.  It is a doubt based in reason and arising out of the evidence in the case, or the lack of evidence.  It is a doubt that a reasonable person has after carefully weighing all of the evidence in the case.

Reasonable doubt is a doubt that appeals to your reason, your judgment, your experience, and your common sense.  If, after a fair and impartial consideration of all the evidence, you can candidly and honestly say that you are not satisfied with the guilt of a defendant, that you do not have an abiding and firm belief of that defendant's guilt; in other words, if you have such a doubt as would reasonably cause a prudent person to hesitate in acting in matters of importance in his or her own affairs, then you have a reasonable doubt, and in that circumstance it is your duty to acquit.

On the other hand, if, after a fair and impartial consideration of all the evidence, you can candidly and honestly say that you do have an abiding belief of the defendant's guilt, such a belief as a prudent person would be willing to act upon in important matters in the personal affairs of his or her own life, then you have no reasonable doubt, and under such circumstances it is your duty to convict.

One final word on this subject:  Reasonable doubt is not whim or speculation.  It is not an excuse to avoid the performance of an unpleasant duty.  Nor is it sympathy for a defendant.  Beyond a reasonable doubt does not mean a positive certainty, or beyond all possible doubt.  After all, it is virtually impossible for a person to be absolutely and completely convinced of any contested fact that by its nature is not subject to mathematical proof and certainty.  As a result, the law in a criminal case is that it is sufficient if the guilt of a defendant is established beyond a reasonable doubt, not beyond all possible doubt.

## II. Charges

### Summary of the Charges

The Indictment contains five separate charges or counts. Each of these counts constitutes a separate offense, which must be considered separately by you. Those five counts, in the order in which this charge will address them, are as follows.

Counts One and Two charge each of the four defendants with conspiring, respectively, to distribute cathinone and to import cathinone. Count Three charges two of the defendants -- Abdi Emil Moge and Abdinur Ahmed Dahir -- with conspiring to violate the money laundering laws. Counts Four and Five charge Ali Awad and Abdi Emil Moge, respectively, with engaging in what is called a continuing criminal enterprise.

<u>Count One:  Conspiracy to Distribute a Controlled Substance:</u>

<u>Elements of the Conspiracy</u>

Count One charges each of the defendants with participating in a conspiracy to distribute or to possess with intent to distribute the controlled substance cathinone in a form commonly known as khat.  The federal criminal statute known as the Controlled Substances Act classifies certain drugs and substances into five schedules, or lists.  Khat is not included on those lists and is not a controlled substance.  Cathinone, a stimulant, is a controlled substance.  You have also heard testimony that the khat plant can contain cathine.  Cathine is also a stimulant, but like khat, it is not a controlled substance.  Thus, the crime charged in Count One is a conspiracy to distribute or possess with intent to distribute a controlled substance, specifically cathinone.

In order to find the defendant you are considering guilty of Count One, you must find that the Government has proven each of the following beyond a reasonable doubt:

First:    That the conspiracy charged in Count One existed -- that is, that an agreement or understanding between two or more persons existed from in or about December 2004 to July 2006 to distribute or to possess with intent to distribute a controlled substance.

10

Second:   That the defendant you are considering knowingly, willfully, and unlawfully became a member of the conspiracy.

Before I explain the elements of conspiracy in greater detail, let me make one point: in a conspiracy you do not have to find that the "substantive" crime which is the object of the conspiracy has been committed because it is the agreement itself -- the agreement with others to commit the crime -- along with the second element of conspiracy, that the law forbids and defines as a crime.

Count One:  Conspiracy to Distribute a Controlled Substance:

Existence of the Agreement

The first element that the Government must prove beyond a reasonable doubt is that two or more persons entered into the unlawful agreement charged in the Indictment, that is, an agreement to distribute or possess with intent to distribute a controlled substance.  Simply defined, a conspiracy is an agreement by two or more persons to violate the law.

A conspiracy has sometimes been called a partnership for criminal purposes in which each partner becomes the agent of every other partner.  To establish the existence of a conspiracy, the Government is not required to show that two or more people sat around a table and entered into a formal contract.  Indeed, it would be extraordinary if there was such a formal document or specific agreement.  From its very nature, a conspiracy is almost always characterized by secrecy, which makes detection difficult.  A conspiracy can exist even if there is no formal organization or structure.  It is sufficient if two or more persons, in any manner, whether they say so directly or not, come to a common understanding to violate the law.  In determining whether two or more people reached an agreement, you may not include anyone who was a Government agent or informant at that time.

Because a conspiracy is an entirely separate offense from the "substantive" crime, that is, the distribution of a controlled substance, that is the object of the conspiracy, if a conspiracy exists, it is punishable as a crime even if it should fail in its purpose. Thus, if you find that two or more persons agreed to work together to distribute a controlled substance, they have committed a crime even if they fail to achieve their goal and do not actually succeed in distributing any controlled substance. Of course, proof that the object of a conspiracy was achieved may be the most persuasive evidence of the existence of the conspiracy. In other words, success of the venture, if you believe it was successful, is often the best proof of the conspiratorial agreement.

In determining whether there has been an unlawful agreement, you may judge the acts and conduct of the alleged members of the conspiracy that are done to carry out an apparent criminal purpose. The adage "actions speak louder than words" is applicable here. When taken together and in connection with the reasonable inferences that flow from them, those acts may show a criminal agreement as satisfactorily and conclusively as more direct proof.

If, upon consideration of all the evidence, direct and circumstantial, you find beyond a reasonable doubt that the minds of two or more alleged conspirators met -- that is, that

13

they agreed, as I have explained a conspiratorial agreement to you, to work together in furtherance of the unlawful scheme alleged in the Indictment -- then proof of the existence of the conspiracy is established.

Count One charges a single conspiracy to distribute or possess with intent to distribute a controlled substance.  You may not convict a defendant of the crime charged in Count One if you find that he was a member of a different conspiracy than the one charged in the Indictment.

You may find that there is a single conspiracy if you find that the evidence shows that there was a mutual dependence among the participants in the criminal activity, or that they shared a common aim or purpose, or that when you examine the nature and scope of the operations of the criminal activity you find it reasonable to infer that each member of the conspiracy was aware that he or she was playing a part in a larger venture where others performed roles that were also important to the success of the venture.  To prove the existence of a single conspiracy the Government must show beyond a reasonable doubt that each member of the conspiracy agreed to participate in what he or she knew was a collective venture directed toward a common goal.

A single conspiracy can exist even though its members change over time.  Accordingly, you may find that there was a single conspiracy even if there were changes in personnel, the

addition or subtraction of members, shifting emphasis in the
location of operations, or an evolution in the activities
undertaken by the conspirators, so long as you find that some
core members of the conspiracy continued to act throughout its
existence to accomplish the purposes charged in the Indictment.
A single conspiracy may exist without each member conspiring
directly with every other member of the conspiracy.  Indeed, a
person can be a member of the same conspiracy without even
knowing who all the conspirators are.  The members of a
conspiracy need not have agreed on the details of the
conspiracy, or even know of the identity or of the activities of
all of the other members of the conspiracy so long as the
members agree on the essential nature of the conspiratorial
plan.

     Multiple conspiracies exist where the evidence shows
separate, unlawful agreements operating independently of each
other to achieve distinct purposes.  Whether the conspiracy
charged in the Indictment existed, or whether there were several
different criminal conspiracies or no conspiratorial agreement
at all, is a question of fact for you, the jury, to decide.

     If you find that there were multiple conspiracies, and that
none of these conspiracies was the conspiracy charged in Count
One, then you must acquit the defendants on Count One.  If you
find that there were multiple conspiracies and that one of the

conspiracies was the conspiracy charged in Count One then you must consider the second element of the crime charged in Count One and determine whether each of the defendants was a knowing and intentional member of the conspiracy charged in Count One.

Count One:  Conspiracy to Distribute a Controlled Substance:

Object of the Conspiracy

The object of the conspiracy charged in Count One is distribution of or possession of with intent to distribute a controlled substance.  The word "distribution" means the actual, constructive, or attempted transfer of a controlled substance. In order to have possession with intent to distribute, a person must exercise control over the controlled substance with the state of mind or purpose to transfer it to another person. Control may be demonstrated by showing the existence of a working relationship between the person with the power to control the movement of the controlled substance and another person who has physical custody of the controlled substance. More than one person can have control over the same controlled substances.  To find that a person possessed a substance, it is not necessary that the person was the only one with control over it, but there must be evidence that the person did exercise control.

The Government need prove only that the object of the conspiracy was to distribute some controlled substance or to possess some controlled substance with the intent to distribute it.  The Government need not prove both.  You must be unanimous as to which objective you find to have been proven.

Count One:  Conspiracy to Distribute a Controlled Substance:

Knowledge of Cathinone

As I have instructed you, Count One charges the defendants with conspiring to distribute and to possess with intent to distribute a controlled substance.  The Government may satisfy its burden in this regard by proving beyond a reasonable doubt that two or more persons either (a) agreed to distribute khat knowing that it contained cathinone or (b) agreed to distribute khat understanding that it contained some substance controlled under American drug abuse law.  In other words, the Government does not have to show that the conspirators knew the word cathinone or knew of the statute entitled the Controlled Substances Act.  The Government must show, however, that it was an object of the conspiracy to distribute or possess with intent to distribute either cathinone or some substance controlled by American drug abuse law.

<u>Count One:   Conspiracy to Distribute a Controlled Substance:</u>
<u>Participation in the Conspiracy</u>

The second element that the Government must prove beyond a reasonable doubt is that the defendant you are considering knowingly, willfully, and unlawfully joined in the conspiracy charged in Count One.  A person acts "knowingly" if he acts intentionally, voluntarily, and deliberately, and not because of mistake or accident, mere negligence, or other innocent reason. A person's conduct is "willful" if it is purposeful and if a person acts with the general awareness that his conduct is unlawful and with the intention to commit an act which the law forbids.  It is not necessary that the defendant you are considering was aware that he was violating any particular statute.  But you must be convinced beyond a reasonable doubt that he was aware what he was doing was, in general, unlawful. "Unlawfully" simply means contrary to law, that is, to do something which the law forbids.

In determining whether the defendant you are considering became a member of the conspiracy, you must determine not only whether he participated in it, but whether he did so with knowledge of its illegal objective.  Did the defendant join the conspiracy with an awareness of its aim and purpose and with the specific intent of furthering that purpose?  Knowledge is a matter of inference from facts proved.

In determining whether a defendant knew that the object of

19

the conspiracy was to distribute some substance controlled by American drug abuse law you may consider the defendant's sophistication, knowledge of khat, his awareness of the intended use of khat, his familiarity with the effects of khat on those who used it, his awareness of and involvement in efforts to avoid detection, his financial stake in the activities of the conspiracy, and his awareness of law enforcement efforts to police the possession or sale of the substance.  You may consider these and any other factors that you believe shed light on the defendant's knowledge of the object of the conspiracy.

To have guilty knowledge, a defendant need not know the full extent of the conspiracy or even who all the co-conspirators are.  Similarly, a defendant need not know all of the activities of the conspiracy.  Indeed, a single act may be enough to bring one within the membership of the conspiracy, provided that the defendant was aware of the conspiracy and knowingly associated himself with its criminal aims.

Of course, mere presence at the scene of a crime or mere association with a conspirator does not make one a member of the conspiracy.  Nor is knowledge without participation sufficient. What is necessary is that the defendant participate in a conspiracy with knowledge of its unlawful purpose and with intent to aid in the accomplishment of that end.

It is not necessary that the defendant you are considering receive or even anticipate any financial benefit from his participation in the conspiracy so long as he participated in it

in the way that I have explained.  If you find that the
conspiracy existed and that the defendant you are considering
participated knowingly and intentionally in it, that defendant
is culpable even if his participation in the conspiracy was more
limited than that of another co-conspirator.  The question then
is this:  has the Government proven beyond a reasonable doubt
that the defendant you are considering joined the conspiracy and
participated in it with the awareness of its basic purpose and
as something he wished to bring about?

<u>Count One:  Conspiracy to Distribute a Controlled Substance:</u>

<u>Conscious Avoidance</u>

You have heard arguments from counsel as to whether the defendants knew that khat or a substance in khat was controlled by American drug abuse law, and thus whether the defendants knew that the object of the conspiracy was to distribute some substance controlled by American drug abuse law.  As I have already instructed you, in deciding whether the defendant you are considering became a member of the conspiracy charged in Count One, you should bear in mind that the Government need not show that a defendant knew the word cathinone or was aware of the Controlled Substances Act.  You must find, however, that the defendant was aware that the object of the conspiracy that he was joining was to distribute or to possess with intent to distribute either cathinone or some substance controlled by American drug abuse law.

In determining whether a defendant joined the conspiracy with knowledge of its unlawful objectives you may consider whether that defendant deliberately closed his eyes to what otherwise would have been obvious.  The necessary knowledge cannot be established by showing that the defendant you are considering was careless, negligent, or foolish.  A defendant may not, however, willfully and intentionally remain ignorant of a fact material and important to his own conduct in order to escape the consequences of criminal law.  If you find beyond a reasonable doubt that the defendant you are considering was

22

aware of a high probability that the object of the conspiracy
was to distribute some substance controlled by American drug
abuse law but deliberately and consciously avoided confirming
that fact, then you may treat this deliberate avoidance of
positive knowledge as the equivalent of knowledge, unless you
find that he actually believed that this was not the object of
the conspiracy.

Count Two:  Conspiracy to Import a Controlled Substance:

Elements of the Conspiracy

Count Two charges each of the defendants with participating in a conspiracy to import a controlled substance.  In order to find the defendant you are considering guilty of Count Two, the Government must prove each of the following elements beyond a reasonable doubt:

First:     That the conspiracy charged in Count Two existed -- that is, that an agreement or understanding between two or more persons existed from in or about December 2004 to July 2006 to import a controlled substance.  I have already charged you on the law regarding the existence of a conspiratorial agreement, and you must use that description of the law here.

Second:    That the defendant you are considering knowingly, willfully, and unlawfully became a member of the conspiracy.

Count Two:  Conspiracy to Import a Controlled Substance:

Object of the Conspiracy


To import a substance means to bring a substance into the United States from someplace outside of the United States. Similarly to the charge for Count One, the Government must show beyond a reasonable doubt that the object of the conspiracy was to import either cathinone or some substance controlled by American drug abuse law.

<u>Count Two:  Conspiracy to Import a Controlled Substance:</u>

<u>Participation in the Conspiracy</u>

To prove that the defendant you are considering knowingly, willfully, and unlawfully became a member of the conspiracy charged in Count Two, the Government must prove beyond a reasonable doubt that the defendant knew that the object of the conspiracy was to import either cathinone or some substance controlled by American drug abuse law into the United States and intentionally joined this conspiracy.  I have defined the terms "knowingly," "willfully," and "unlawfully" for you in my instructions on Count One, and you must use those same definitions here.  As was true with Count One, you may also consider whether a defendant consciously avoided learning what the object of the conspiracy was.

## Department of Agriculture Regulations

There has been evidence that steps were taken to evade detection by government authorities.  Some of the defendants have argued that to the extent they were aware of efforts to evade detection, they believed that these efforts were made because plants, including khat, would be seized under U.S. Department of Agriculture regulations if brought into the United States.  They contend that their knowledge of the efforts to escape detection does not show their awareness that khat contained some substance controlled by American drug abuse law.

The Department of Agriculture requires a permit to import plants into the United States.  These agricultural protection regulations are entirely separate from American drug abuse law.

In order for you to find the defendant you are considering guilty of the crimes charged in either Count One or Two, the Government must prove beyond a reasonable doubt that the aim of the conspiracy was to distribute or import either cathinone or some substance controlled by American drug abuse law, and that the defendant intentionally participated in that conspiracy with knowledge of that objective.  If you find that the defendant did not believe that khat contained some substance controlled by American drug abuse law, and that he believed only that khat would be seized pursuant to agricultural protection regulations then you must acquit the defendant of the crimes charged in

27

Counts One and Two.

Counts One and Two:  Success in Distributing or Importing

Cathinone

If you have found a defendant guilty on either Count One
or Two, there is one more issue that you must decide.  You must
decide whether the Government has also proven beyond a
reasonable doubt that one or both of the conspiracies charged in
Counts One and Two succeeded in distributing or importing khat
containing a detectable amount of cathinone.  Thus, you must
determine whether the Government has proven through the
testimony of its chemists and other evidence that the khat these
chemists analyzed contained some detectable quantity of
cathinone, however small, and that that khat had been
distributed, possessed with the intent to distribute, or
imported in connection with the conspiracy charged in the count
you are considering.  There are questions regarding this issue
on your special verdict form.

<u>Count Three:  Conspiracy to Commit Money Laundering:</u>

<u>Elements of the Conspiracy</u>

Count Three charges defendants Abdi Emil Moge and Abdinur
Dahir with engaging in a conspiracy to commit the crime of money
laundering in violation of Sections 1956(a)(1)(A)(i) and
(a)(1)(B)(i) of Title 18 of the United States Code.  In order to
find the defendant you are considering guilty of Count Three,
the Government must prove each of the following elements beyond
a reasonable doubt:

First:     That the conspiracy charged in Count Three
           existed -- that is, that an agreement or
           understanding between two or more persons existed
           from in or about December 2004 to July 2006 to
           commit the crime of money laundering.  I have
           already charged you on the law regarding the
           existence of a conspiratorial agreement, and you
           must use that description of the law here.

Second:    That the defendant you are considering knowingly,
           willfully, and unlawfully became a member of the
           conspiracy.  I have already defined each of those
           terms for you, and you must use those same
           definitions here.

<u>Count Three:  Conspiracy to Commit Money Laundering:</u>

<u>Object of the Conspiracy:  Elements</u>

In order to find a defendant guilty of the conspiracy charged in Count Three, you must find that the objective of the conspiracy was unlawfully, intentionally and knowingly to violate the money laundering statute.  This statute provides that:

> Whoever, knowing that the property involved in a financial transaction represents the proceeds of some form of unlawful activity, conducts or attempts to conduct such a financial transaction which in fact involves the proceeds of specified unlawful activity,
>
> > (i)  with the intent to promote the carrying on of specified unlawful activity; or
> >
> > (ii) knowing that the transaction is designed in whole or in part to conceal or disguise the nature, the location, the source, the ownership, or the control of the proceeds of specified unlawful activity

shall be guilty of a crime.

Thus, the crime of money laundering has the following elements:

(1) that a person conduct a financial transaction;

(2) that the transaction in fact involve the proceeds of specified unlawful activity.  I instruct you that distributing, possessing with intent to distribute, importing a controlled substance, and conspiring with another to do any of these acts are specified unlawful activities.

31

(3) that the person know that the property involved in the
financial transaction represents the proceeds of some form of
unlawful activity; and

(4) that the person either

(a) conduct or attempt to conduct the financial
transaction with the intent to promote the carrying on
of that unlawful activity; or

(b) know that the financial transaction is designed in
whole or in part to conceal or disguise the location,
the source, the ownership, or the control of those
proceeds.

The terms in the fourth element have their everyday
meaning.  The Government need prove only one of the two
alternatives in the fourth element; the Government need not
prove both.  You must be unanimous, however, as to which
alternative has been proven.

Count Three:  Conspiracy to Commit Money Laundering: Object of

the Conspiracy:  Conducting a Financial Transaction

In connection with the first element, the term "conducts" includes initiating, concluding, or participating in initiating or concluding, a transaction.

A "transaction" includes a transfer, delivery, or other disposition of property.

The term "financial transaction" means a transaction involving the movement of funds, including a physical transfer, that involves one or more monetary instruments which in any way or degree affects interstate or foreign commerce.

The term "monetary instruments" includes United States currency.

Count Three:  Conspiracy to Commit Money Laundering:  Object of
    the Conspiracy:  Effect on Interstate or Foreign Commerce

Interstate commerce includes any transmission, transfer or
transportation of goods, services, communication, or persons,
between one state and another state or foreign country,
regardless of whether or not it is done for a business purpose.
The effect on interstate or foreign commerce can be minimal.
Any involvement, however slight, will satisfy this element.  You
do not have to decide whether the effect on interstate or
foreign commerce would be harmful or beneficial.

It is not necessary for the Government to show that a
person actually intended or anticipated an effect on interstate
or foreign commerce by his actions or that commerce was actually
affected.  All that is necessary is that the natural and
probable consequences of the acts a person agreed to take would
affect interstate or foreign commerce.

<u>Count Three:  Conspiracy to Commit Money Laundering: Object of</u>

<u>the Conspiracy:  Source of Funds</u>

The term "proceeds" is very broad, and means any property or money that is derived from, or traceable to, or obtained as a result of, some other activity.

Again, the term "specified unlawful activity" includes distributing, possessing with intent to distribute, or importing a controlled substance, and conspiring with another to do any of these acts.  Thus, if you find that money was generated by a conspiracy to import or distribute some controlled substance, even if no controlled substance was actually imported or distributed, those proceeds are proceeds of a specified unlawful activity.

<u>Count Three:  Conspiracy to Commit Money Laundering:  Object of</u>

<u>the Conspiracy:  Knowledge As to Source of Funds</u>

Knowing that the property involved in a financial transaction represents the proceeds of some form of unlawful activity means that the person knows that the property represents proceeds from some form, although not necessarily which form, of activity that constitutes a felony under state or federal law.  It is not necessary that the person believe that the property represents the proceeds of trafficking in a controlled substance or any other specific offense.  It is not necessary for all conspirators to believe that the proceeds come from the same unlawful activity; it is sufficient if each conspirator believes that the proceeds come from some unlawful activity.

Count Three:  Conspiracy to Commit Money Laundering:

Participation in the Conspiracy

If you find beyond a reasonable doubt that the conspiracy charged in the Indictment existed, you must determine whether the defendant you are considering was a member of that conspiracy.  I have previously instructed you on the law for determining whether a defendant participated in a conspiracy and whether he did so with knowledge of its unlawful purpose and with the specific intention of furthering its objective.  You must apply that law in considering the charges in Count Three. Of course, the objective of the conspiracy charged in Count Three, as I have just described it, is different from the objectives of the conspiracies charged in Counts One and Two.

<u>Count Three:  Conspiracy to Commit Money Laundering:</u>

<u>Conscious Avoidance</u>

In determining whether the defendant knew of the existence of a particular fact -- for example, that the object of the conspiracy was to conduct financial transactions that involved the proceeds of some form of unlawful activity in a way that would promote the unlawful activity or conceal or disguise the source of the proceeds -- you may consider whether he deliberately closed his eyes to what otherwise would have been obvious.  The necessary knowledge cannot be established by showing that the defendant was careless, negligent, or foolish. One may not, however, willfully and intentionally remain ignorant of a fact material and important to his own conduct in order to escape the consequences of criminal law.

If you find beyond a reasonable doubt that the defendant was aware that there was a high probability of a fact, but deliberately and consciously avoided confirming this fact, then you may treat this deliberate avoidance of positive knowledge as the equivalent of knowledge, unless you find that the defendant actually believed the fact not to be true.

<u>Counts One, Two, and Three:  Conspiracy:  Overt Acts</u>

Counts One, Two, and Three of the Indictment contain certain paragraphs that describe "overt acts."  It is not necessary for the Government to prove that any of the specified overt acts alleged was committed, so long as the Government proves, beyond a reasonable doubt, the existence of the conspiracy charged in Counts One, Two, and Three and that the defendant you are considering was a knowing and intentional member of the conspiracy.

Counts Four and Five: Continuing Criminal Enterprise:  Elements

Counts Four and Five of the Indictment charge two of the
defendants, Ali Awad and Abdi Emil Moge, respectively, with
engaging in a continuing criminal enterprise.  In effect the
Government has charged that these defendants engaged in the
business of trafficking in controlled substances on a
continuing, serious, widespread, supervisory, and substantial
basis.  In order for you to find the defendant you are
considering guilty of this crime the Government must prove each
of the following beyond a reasonable doubt:

> First:    That the defendant is guilty of at least one of
> the offenses charged in Counts One and Two of the
> Indictment.  If you find the defendant you are
> considering not guilty of Count One and not
> guilty of Count Two, you must find that defendant
> not guilty of Count Four (if defendant Awad) or
> Count Five (if defendant Moge).

> Second:   That this offense was part of a series of
> three or more felony offenses committed by the
> defendant in violation of the Controlled
> Substance Act.  The Controlled Substance Act
> makes it a felony to distribute and to import a

controlled substance, and to attempt to do so.

Third:    That the defendant committed the offenses in this
          series of violations in concert with five or more
          persons.

Fourth:   That the defendant acted as an organizer,
          supervisor or manager of these five or more
          persons.

Fifth:    That the defendant obtained substantial income or
          resources from the series of controlled substance
          violations.

Counts Four and Five:  Continuing Criminal Enterprise:

Continuing Series of Violations

The second element requires the Government to prove that
the defendant's commission of the crime charged in either Count
One or Two was part of a series of three or more felony offenses
committed by the defendant in violation of the Controlled
Substance Act.  Thus, if the Government proves that the
defendant you are considering is guilty of only Count One or
Count Two, but not both, the Government must prove that the
defendant committed at least two additional felony violations.
If the Government proves that the defendant you are considering
is guilty of both Count One and Count Two, the Government need
prove only that the defendant committed one additional felony
violation.  The continuing series of three or more violations of
the Controlled Substances Act must be violations committed over
a definite period of time.  Other than Counts One and Two of the
Indictment, the violations do not have to be listed in the
Indictment as separate counts, violations, or overt acts, so
long as each of you agree, with respect to the act that you are
considering, that the defendant knowingly imported or
distributed a quantity of khat on a particular occasion
intending to import or distribute some substance controlled by
American drug abuse law.  I emphasize that you must be unanimous

42

as to each act in the series.

A list of alleged violations other than Counts One or Two has been supplied by the Government and will be attached to the special verdict form that you will be asked to fill out.  This list is not evidence.  It merely reflects the Government's allegations.

Counts Four and Five:  Continuing Criminal Enterprise:

Five or More Persons

In considering whether the Government has proven that the defendant committed the continuing series of violations in concert with five or more persons, you should be aware that those persons do not have to be named in the Indictment.  They could be others whom each of you agree and find, beyond a reasonable doubt, were persons who agreed to participate in the criminal enterprise with the defendant and with whom the defendant committed the series of violations.  They may not, however, be innocent participants in events who acted without knowledge or intent to assist the criminal venture.

The Government does not need to show that five or more persons were involved with each of the specific underlying crimes or that they acted in concert with each other or at the same time.  It need only show that the defendant committed the series of violations in concert with at least five other persons.  Thus, the Government is not required to show that all of the relationships between the defendant and those individuals whom he organized, supervised, or managed existed at the same moment in time.

It is not necessary that you identify each of these five or more persons by their first and last names.  Identifying them by their first names or street names is sufficient, as long as you

44

determine that they are, in fact, at least five separate persons and that you agree unanimously on at least five individuals with whom the defendant committed the series of violations.

A list of names supplied by the Government will be attached to the special verdict form that you will be asked to fill out. This list is not evidence.  It merely reflects the Government's allegations.

Counts Four and Five:  Continuing Criminal Enterprise:

Organizer, Supervisor, or Manager

An enterprise may have more than one organizer, supervisor, or manager.  The Government need not prove that the defendant was the single ringleader of an enterprise or its dominant leader or manager.  Nor need the defendant have had personal contact with each underling or directly supervised the person. The Government meets its burden on this element if it proves beyond a reasonable doubt that the defendant exercised organizational or supervisory or managerial responsibilities over the five or more persons with whom you have found he acted in concert.  These terms have their everyday meaning.  Merely selling a controlled substance, without more, however, does not make a defendant an organizer, supervisor, or manager of the person or persons who purchased the substance from him.  The Government need not prove that the same type of superior-subordinate relationship existed between the defendant and each of the individuals he organized, supervised, or managed.

46

<u>Counts Four and Five:  Continuing Criminal Enterprise:</u>

<u>Substantial Income or Resources</u>

To prove that the defendant you are considering derived "substantial income or resources" from a series of violations, the Government need not prove a particular dollar amount, but it must prove that the amount of income or resources the defendant received was more than a trivial amount derived from only occasional violations of the Controlled Substances Act.  You may consider gross income, that is, all of the income you find a defendant received, even if some of it was later paid to others to cover the organization's expenses.

The Government does not need to show that the defendant received substantial income or resources from each of the specific underlying crimes, nor from the activities of each person he supervised.  It need not trace specific amounts to specific transactions.  It need only show that the defendant received substantial income or resources from the <u>series</u> of violations as a whole.

You may infer substantial income from circumstantial evidence. You may consider the size of the criminal enterprise, the role of the defendant in the enterprise, and the volume of illegal sales by the enterprise.  You may infer substantial income or resources if you find outward evidence of substantial wealth in the absence of other, legitimate sources of income.

47

## Variance in Dates

Each of the counts in the Indictment refers to particular dates.  It is not necessary, however, for the Government to prove that the alleged crimes were committed at exactly those dates.  The law requires only a substantial similarity between the dates alleged in the Indictment and the dates established by the evidence.  It is sufficient if the crime is shown to have been committed at approximately the dates charged, or roughly within the limits of the periods indicated, in the Indictment.

With respect to the time period alleged in the Indictment for a conspiracy, it is sufficient if you find that the defendant was a member of the conspiracy charged in the Indictment for some time within that period.

## Venue

In addition to all of the elements that I have described for you, you must also decide for each count whether any part of the crime charged in the Indictment took place at least in part within the Southern District of New York, which includes Manhattan and the Bronx.

In this regard, the Government need not prove that the crime itself was committed in this district, or that the defendant you are considering was present here.  It is sufficient to satisfy this requirement if any act in furtherance of the crime occurred within this district.  In the case of a charged conspiracy, it is sufficient if either the formation of the agreement or any overt act in furtherance of the conspiracy (even if one is not required to be proven) committed by any of the co-conspirators occurred here.

This is the only requirement that the Government does not need to prove beyond a reasonable doubt.  The Government's burden with respect to this requirement is met if it establishes venue by a preponderance of the evidence.  To prove something by a preponderance of the evidence means to prove that it is more likely true than not true.  If the evidence appears to be equally balanced, or if you cannot say upon which side it lays heavier, you must resolve this question in favor of the defendants.

49

## III. General Instructions

### Direct and Circumstantial Evidence

There are two types of evidence that you may properly use in reaching your verdict.  One type of evidence is direct evidence.  One kind of direct evidence is a witness's testimony about something he or she knows by virtue of his or her own senses -- something the witness has seen, felt, touched, or heard.  Direct evidence may also be in the form of an exhibit. The other type of evidence is circumstantial evidence.

Circumstantial evidence is evidence that tends to prove one fact by proof of other facts.  There is a simple example of circumstantial evidence that is often used in this courthouse.

Assume that when you came into the courthouse this morning the sun was shining and it was a nice day.  Assume that the courtroom blinds are drawn and you cannot look outside.  As you are sitting here, someone walks in with an umbrella that is dripping wet.  Somebody else then walks in with a raincoat that is also dripping wet.

Now, you cannot look outside the courtroom and you cannot see whether or not it is raining.  So you have no direct evidence of that fact.  But on the combination of the facts that I have asked you to assume, it would be reasonable and logical for you to conclude that between the time you arrived at the courthouse and the time these people walked in, it had started

50

to rain.

That is all there is to circumstantial evidence.  You infer on the basis of reason and experience and common sense from an established fact the existence or the nonexistence of some other fact.

Many facts, such as a person's state of mind, can only rarely be proved by direct evidence.  Circumstantial evidence is of no less value than direct evidence.  It is a general rule that the law makes no distinction between direct and circumstantial evidence, but simply requires that before convicting a defendant you, the jury, must be satisfied of the defendant's guilt beyond a reasonable doubt from all the evidence in the case.

<u>Stipulations</u>

Stipulations have been entered into relating to various facts in this case.  A stipulation is an agreement between parties as to what certain facts were or what the testimony would be if certain people testified before you.  The stipulations are the same for your purposes as the presentation of live testimony.  You should consider the weight to be given such evidence just as you would any other evidence.

## Credibility of Witnesses

Now for the important subject of evaluating testimony.  How do you evaluate the credibility or believability of the witnesses?  The answer is that you use your plain common sense.  Common sense is your greatest asset as a juror.  You should ask yourselves, did the witness impress you as honest, open, and candid?  Or did the witness appear evasive or as though the witness were trying to hide something?  How responsive was the witness to the questions asked on direct examination and on cross-examination?

If you find that a witness is intentionally telling a falsehood, that is always a matter of importance that you should weigh carefully.  If you find that any witness has lied under oath at this trial, you should view the testimony of such a witness cautiously and weigh it with great care.  It is, however, for you to decide how much of the witness's testimony, if any, you wish to believe.  Few people recall every detail of every event precisely the same way.  A witness may be inaccurate, contradictory, or even untruthful in some respects and yet entirely believable and truthful in other respects.  It is for you to determine whether such inconsistencies are significant or inconsequential, and whether to accept or reject all or to accept some and reject the balance of the testimony of any witness.

On some occasions during this trial, witnesses were asked to explain an apparent inconsistency between testimony offered at this trial and previous statements made by the witness. It is for you to determine whether a prior statement was inconsistent, and if so, how much (if any) weight to give to an inconsistent statement in assessing the witness's credibility at trial. You may consider evidence of a witness's prior inconsistent statement only insofar as it relates to that witness's credibility, and may not consider it as evidence in determining the guilt of the defendant, unless the prior statement was made under oath before a grand jury or before a court.

You are not required to accept testimony even though the testimony is uncontradicted and the witness's testimony is not challenged. You may decide because of the witness's bearing or demeanor, or because of the inherent improbability of the testimony, or for other reasons sufficient to yourselves that the testimony is not worthy of belief. On the other hand, you may find, because of a witness's bearing and demeanor and based upon your consideration of all the other evidence in the case, that the witness is truthful.

Thus, there is no magic formula by which you can evaluate testimony. You bring to this courtroom all your experience. You determine for yourselves in many circumstances the

reliability of statements that are made by others to you and upon which you are asked to rely and act.  You may use the same tests here that you use in your everyday lives.  Among the factors you may consider are the witness's intelligence; the ability and opportunity the witness had to see, hear, or know about the things that the witness testified about; the witness's memory; any interest, bias, or prejudice the witness may have; the manner of the witness while testifying; and the reasonableness of the witness's testimony in light of all the evidence in the case.

<u>Accomplice Testimony</u>

You have heard witnesses who testified that they were actually involved in crimes charged in the Indictment.  The law allows the use of accomplice testimony.  Indeed, it is the law in federal courts that the testimony of an accomplice may be enough in itself for conviction, if the jury finds that the testimony establishes guilt beyond a reasonable doubt.  It is also the case, however, that accomplice testimony must be scrutinized with great care and viewed with particular caution.  The fact that a witness is an accomplice can be considered by you as bearing upon the witness's credibility.  It does not follow, however, that simply because a person has admitted to participating in a crime, that that person is incapable of giving a truthful version of what happened.

Like the testimony of any other witness, accomplice witness testimony should be given such weight as it deserves in light of the facts and circumstances before you, taking into account the witness's demeanor, candor, the strength and accuracy of a witness's recollection, the witness's background, and the extent to which the witness's testimony is or is not corroborated by other evidence in the case.  You may consider whether an accomplice witness has an interest in the outcome of the case, and if so, whether it has affected the witness's testimony.

Bashi Muse and Hassan Sadiq Mohamed also pleaded guilty to

charges arising out of some of the same facts that are at issue in this case.  You are to draw no conclusions or inferences of any kind about the guilt of a defendant on trial from the fact that one or more prosecution witnesses pleaded guilty to similar charges.  The decision of a witness to plead guilty was a personal decision that witness made about his own guilt.  It may not be used by you in any way as evidence against or unfavorable to any of the defendants on trial here.

## Witness Agreements with the Government

You have heard testimony about written agreements between the Government and witnesses.  Your concern is whether a witness has given truthful testimony in this courtroom.  In addition to using all of the other considerations I have described to evaluate testimony, in evaluating the testimony of a witness who has signed such an agreement, you should also consider what effect, if any, the agreement has had on the witness's motive to tell the truth.

## Preparation of Witnesses

You have heard evidence that some witnesses have discussed the facts of the case and their testimony with lawyers before the witnesses appeared in court to testify.  There is nothing either unusual or improper about a witness meeting with lawyers before testifying.  The weight you give to the fact or the nature of a witness's preparation for his testimony is a matter completely within your discretion.

## A Defendant's Right Not to Testify

In this case, one defendant -- Abdinur Dahir -- testified and was subject to cross-examination like any other witness. You should examine and evaluate his testimony just as you would the testimony of any witness with an interest in the outcome of the case.

Three defendants -- Abdi Emil Moge, Ali Awad, and Abdulahi Hussein -- did not testify. Under our Constitution, a defendant is presumed innocent and has no obligation to testify or to present any other evidence because, as I have told you, it is the Government's burden to prove a defendant guilty beyond a reasonable doubt. That burden remains on the Government throughout the entire trial and never shifts to the defendant. The defendant is never required to prove that he is innocent.

You may not attach any significance to the fact that a defendant did not testify. No adverse inference against a defendant may be drawn by you because the defendant did not take the witness stand. You may not consider this in any way in your deliberations in the jury room.

<u>Post-Arrest Statements by Defendant Ali Awad</u>

You have heard testimony that defendant Ali Awad made certain statements to law enforcement authorities following his arrest, and more recently made statements to witness Bash Muse concerning Mr. Muse's cooperation with the Government.  This evidence was received solely with respect to defendant Ali Awad and may not be considered by you in any way as evidence against any other defendant or as relevant in any way to the guilt of any other defendant.  I repeat, you may not consider defendant Ali Awad's statements following his arrest in deciding whether the Government has carried its burden of proving any other defendant guilty.

In deciding what weight to give defendant Ali Awad's statements, you should first examine whether each statement was made.  If you find that Ali Awad made these statements following his arrest, you are to give the statements such weight as you feel they deserve in light of all the evidence.

<u>Post-Arrest Statement by Abdi Emil Moge</u>

You have heard testimony that defendant Abdi Emil Moge made certain statements to law enforcement authorities following his arrest.  In deciding what weight to give Abdi Emil Moge's statements, just as for Ali Awad's statements, you should first examine whether each statement was made.  You are to give any statements that you find Abdi Emil Moge did make such weight as you feel they deserve in light of all the evidence.

The Government claims that certain statements which it contends Abdi Emil Moge made were false.  If you find that Abdi Emil Moge gave a false statement in order to divert suspicion from himself, you may, but are not required to infer that he believed that he was guilty of a crime.  You may not, however, infer on the basis of this alone, that Abdi Emil Moge is, in fact, guilty of the crimes with which he is charged.  Whether or not the evidence as to his statements shows that he believed that he was guilty, and the significance, if any, to be attached to any such evidence, are matters for you, the jury, to decide.

## Documents Recovered from Abdi Emil Moge's Apartment

You have heard evidence that various documents were recovered from the residence of defendant Abdi Emil Moge on the date of his arrest.  Some of these documents were offered for a limited purpose.  Documents that relate to the 2003 arrest of Moge are not to be considered for the truth of what they say, but may only be considered by you for what light you find that they shed, if any, on defendant Moge's knowledge and intent with respect to the crimes charged in the Indictment.  Documents that relate to the March 2006 arrest of Sophia Robles and Weli Abdi are also not to be considered for the truth of what they say. You may consider these documents solely for what light you find they shed, if any, on defendant Moge's knowledge and intent with respect to the charges in the Indictment and the existence of relationships among the alleged conspirators.

When I say that a document may not be considered for the truth of its contents, I remind you that the Government has the obligation to present eyewitness testimony as to any event that it seeks to prove at this trial.  It did not do so with respect to the incidents described in these documents, and therefore, the Government has not proven that the events described in the documents occurred or occurred in the way recorded.

63

### Evidence of Other Acts by Abdulahi Hussein

The Government has offered evidence which it contends shows that Abdulahi Hussein was involved in activities concerning crack cocaine.  Let me remind you that he is not on trial for committing any acts that are not alleged in the Indictment. Accordingly, you may not consider evidence regarding cocaine as a substitute for proof that defendant Hussein committed the crimes with which he is charged.  Nor may you consider this evidence as proof that he has a criminal personality or bad character.

The evidence of these other acts was admitted for a much more limited purpose, and you may consider it for that limited purpose only.  This evidence was admitted to provide context for the discussions about importing khat that the witnesses described and for whatever light you find that this evidence sheds, if any, on defendant Hussein's knowledge or intent as to the crimes with which he is charged in Counts One and Two.

Evidence of these other acts may not be considered by you for any other purpose.  Specifically, you may not use this evidence to conclude that because the defendant engaged in a crack cocaine transaction that he must have committed either of the crimes charged in Counts One and Two.  Finally, evidence of one defendant's activities with cocaine is relevant to your consideration of that defendant only; you may not consider this

64

other act evidence in any way in deciding whether the Government

has carried its burden of proving the other three defendants

guilty beyond a reasonable doubt.

<u>Reporting Requirements for Currency Transactions</u>

Financial institutions in this country are required to report to the Internal Revenue Service any cash transactions exceeding $10,000.  If you find that defendant Abdinur Dahir participated while working at Olympic USA in cash transactions of over $10,000 and failed to take those steps which were necessary to the reporting of those transactions to the IRS, then you may consider that fact for what light, if any, that you find it sheds on the question of whether defendant Dahir knowingly and intentionally participated in the conspiracies charged in Counts One, Two, and Three.

## Evidence Regarding Motive

Some of the defendants have argued that the amount of cathinone in any khat that they imported or distributed was either so small or non-existent that it is implausible that the desire to obtain cathinone motivated them to import or distribute khat.  Let me remind you that the Government does not need to show that a defendant knew the word cathinone.  The Government must show, however, for example with respect to Counts One and Two, that an object of the conspiracy was to distribute or import some substance controlled by American drug abuse law, and that the defendant you are considering intentionally and knowingly joined that conspiracy, as I have explained those concepts to you.  To find a defendant guilty of these crimes it is not necessary for the Government also to prove that the conspiracy actually succeeded in importing or distributing any controlled substance or, to put it another way, the Government does not need to show that any khat that arrived in this country actually contained cathinone.

In resolving the issues in dispute at this trial, you may of course consider evidence of an individual defendant's motive to commit any acts in which you find he engaged.  Motive is not, however, an element of any of the crimes with which the defendants have been charged.  Proof of motive does not establish guilt, and the absence of proof of motive does not

67

establish that a defendant is not guilty of the crimes charged. Thus, for example, if you find that a defendant intentionally joined a conspiracy knowing that its object was to distribute or import some controlled substance, you must find him guilty of Count One or Two even if you also find that he was motivated to participate in the conspiracy by some other goal.  Evidence of motive, or the lack thereof, is simply a factor that you may weigh along with all of the other evidence in considering whether the totality of the evidence permits you to infer guilty knowledge and intent beyond a reasonable doubt.

## Other Nations' Regulatory Systems

You have heard reference by counsel to other countries' regulatory systems.  Each nation is sovereign and adopts its own laws for conduct occurring within its own territory.  Therefore, I have described for you the United States law that you must apply to the Indictment's charges and have not described for you the law as it may exist in any other nation.  If the Government has proven a defendant guilty of the crimes charged in the Indictment beyond a reasonable doubt under the law that I have given you in this charge, then you must convict the defendant. If it has not, then you must find the defendant not guilty.  To the extent that you have evidence of a defendant's belief as to what the law was in another nation you may consider that evidence only for whatever light, if any, you find that it sheds on the defendant's intent and knowledge with respect to the crimes with which he was charged in the Indictment.

<u>Expert Testimony</u>

You have heard what is called expert testimony from Drug Enforcement Agency chemists Shirley T. George and Paul Eyerly, and from botanist Dr. Horace Cutler.  An expert is allowed to express an opinion on those matters about which he or she has special knowledge and training.  Expert testimony is presented to you on the theory that someone who is experienced in the field can assist you in understanding the evidence or in reaching an independent decision on the facts.

In weighing an expert's testimony, you may consider the expert's qualifications, opinions, reasons for testifying, as well as all of the other considerations that ordinarily apply when you are deciding whether or not to believe a witness's testimony.  You may give the expert testimony whatever weight, if any, you find it deserves in light of all the evidence in this case.  You should not, however, accept a witness's testimony merely because he or she is an expert.  Nor should you substitute it for your own reason, judgment, and common sense. The determination of the facts in this case rests solely with you.

<u>Law Enforcement Witness</u>

You have heard testimony of law enforcement officers.  The fact that a witness is employed by the Government does not mean that his or her testimony is necessarily deserving of more or less consideration or greater or lesser weight than that of any other witness.  It is your decision, after reviewing all the evidence, whether to accept or reject the testimony of the witness and to give to that testimony whatever weight you find it deserves.

## Use of Interpreter

The evidence you are to consider is only that provided through the official court interpreter.  Even if some of you might know Somali, it is important that all jurors consider the same evidence.  Therefore, when a witness has spoken in Somali, you must base your decision on the testimony presented through the interpreter.

## Use of Recordings

You have heard tape recordings of a number of telephone conversations.  There is nothing illegal with the Government's interception of telephone calls in this case, and you may consider the conversations contained in recordings along with all the other evidence in the case.

In connection with the recordings that you have heard, you were provided with transcripts of the conversations to assist you while listening to the tape recordings.  With respect to those recorded conversations or portions of conversations that were carried out in English, the transcripts of the tape-recorded conversations were provided solely as an aid to you in listening to the tape recordings.  These transcripts are not in evidence.  It is for you to decide whether the transcripts correctly present the conversation recorded on the tape that you heard.  With respect to those recorded conversations or portions of conversations that were carried out in Somali, however, the written translations of these conversations are evidence.

<u>Investigative Techniques</u>

You have heard reference through the questioning and arguments of defense counsel to the fact that certain investigative techniques were not used by the police.  There is no legal requirement, however, that the Government prove its case through any particular means.  Law enforcement officers have no duty to employ in the course of an investigation all of the many tools at their disposal, and the failure to use any particular technique or techniques does not tend to show that a defendant is not guilty of a crime with which he is charged.  Thus, you are not to concern yourself with why law enforcement authorities used the techniques they did or why they did not use other techniques.  Your concern is whether or not, on the evidence or lack of evidence, a defendant's guilt has been proved beyond a reasonable doubt.

You have heard testimony about certain evidence that was seized in searches by law enforcement officers.  Evidence obtained from these searches was properly admitted in this case, and may be considered by you.  Whether you approve or disapprove of how it was obtained should not enter into your deliberations, as the Government's use of this evidence is lawful.

<u>Persons Not on Trial</u>

You may not draw any inference, favorable or unfavorable, towards the Government or any defendant from the fact that any person other than the four defendants is not on trial here.  You may also not speculate as to the reasons why other persons are not on trial.  Those matters are wholly outside your concern and have no bearing on your function as jurors.

## Right to See Exhibits and Hear Testimony;

## Communications with the Court

You are about to begin your deliberations.  Many of the exhibits will be sent to you in the jury room.  If you want any of the remaining exhibits or any of the testimony during your deliberations, that can be arranged.  Please appreciate that it is not always easy to locate any testimony that you might want, so be as specific as you possibly can.  Any communication with the Court should be made in writing, signed by your foreperson, and given to one of the Marshals.

## Juror Note-Taking

For those of you who took notes during the course of the trial, you should not show your notes to or discuss your notes with any other juror during your deliberations.  Any notes you have taken are to be used solely to assist you.  The fact that a particular juror has taken notes entitles that juror's views to no greater weight than those of any other juror.  Finally, your notes are not to substitute for your recollection of the evidence in this case.  If you have any doubt as to any testimony, you may request that the official trial transcript that has been made of these proceedings be read or otherwise provided to you.

## Punishment

The question of possible punishment of a defendant is of no concern to the jury and should not, in any sense, enter into or influence your deliberations.

<u>The Indictment and Verdict Form</u>

I am also sending a copy of the Indictment into the jury room.  You are reminded, however, that the Indictment is not evidence.  It is merely an accusation and is not to be used by you as any proof of the conduct charged.

The foreperson will also receive a verdict form on which to record your verdict.  When the foreperson has completed the official verdict form, each of you must sign your name, and the form will be marked as a Court Exhibit.

## Closing Comments

The most important part of this case, members of the jury, is the part that you as jurors are now about to play as you deliberate on the issues of fact.  It is for you, and you alone, to decide whether the Government has proved beyond a reasonable doubt each of the essential elements of the crimes with which each of the defendants is charged.  If the Government has succeeded, your verdict should be guilty; if it has failed, it should be not guilty.  I know you will try the issues that have been presented to you according to the oath that you have taken as jurors.  In that oath you promised that you would well and truly try the issues joined in this case and a true verdict render.  Your function is to weigh the evidence in the case and determine whether or not the defendant you are considering is guilty solely upon the basis of such evidence.

As you deliberate, please listen to the opinions of your fellow jurors, and ask for an opportunity to express your own views.  Every juror should be heard.  No one juror should hold center stage in the jury room and no one juror should control or monopolize the deliberations.  If, after listening to your fellow jurors and if, after stating your own view, you become convinced that your view is wrong, do not hesitate because of stubbornness or pride to change your view.  On the other hand, do not surrender your honest convictions and beliefs solely

82

because of the opinions of your fellow jurors or because you are outnumbered.  Your final vote must reflect your conscientious belief as to how the issues should be decided.

Your verdict must be unanimous.  If at any time you are not in agreement, you are instructed that you are not to reveal the standing of the jurors, that is, the split of the vote, to anyone, including the Court, at any time during your deliberations.  Finally, I say this not because I think it is necessary, but because it is the custom in this courthouse to say this:  You should treat each other with courtesy and respect during your deliberations.

Your first task as a jury will be to choose your foreperson.  The foreperson has no greater voice or authority than any other juror but is the person who will communicate with the Court when questions arise.

All litigants stand equal in this room.  All litigants stand equal before the bar of justice.  All litigants stand equal before you.  Your duty is to decide the issues before you fairly and impartially, and to see that justice is done.

Under your oath as jurors, you are not to be swayed by sympathy.  You should be guided solely by the evidence presented during the trial and the law as I gave it to you, without regard to the consequences of your decision.  You have been chosen to try the issues of fact and reach a verdict on the basis of the

83

evidence or lack of evidence.  If you let sympathy interfere with your clear thinking, there is a risk that you will not arrive at a just verdict.  All parties are entitled to a fair trial.  You must make a fair and impartial decision so that you will arrive at a just verdict.

Members of the jury, I ask your patience for a few moments longer.  It is necessary for me to spend a few moments with counsel and the reporter at the side bar.  I will ask you to remain patiently in the jury box, without speaking to each other, and we will return in just a moment to submit the case to you.  Thank you.